IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANDRE MATTHEWS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-14-2266 |
| | § | |
| JPMORGAN CHASE BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND OPINION

Plaintiff Andre Matthews challenges the foreclosure of his home. Matthews defaulted on the mortgage and failed to make payments under loan-modification plans. Matthews claims that a representative of JP Morgan Chase ("JPMC"), the holder of the promissory note and deed of trust, told him that he did not have to make payments on the loan and that JPMC would not foreclose. JPMC moved for summary judgment. (Docket Entry No. 11). Matthews responded, and JPMC replied. (Docket Entry Nos. 13, 14). Based on the record; the pleadings; the motion, response, and reply; and the applicable law, the court grants the motion for summary judgment. Final judgment is separately entered. The reasons for the ruling are set out below.

### I.    Background

Andre Matthews and his wife, Melissa Joseph Matthews, took out a mortgage to buy a home in Humble, Texas. In April 2008, they signed a promissory note to the lender, Freedom Mortgage Corp, and a Deed of Trust to MERS. (Docket Entry No. 11, Exs. A-1, A-2). Both the Note and Deed of Trust were assigned to JPMC. (*Id.*, Ex. C-1). The Matthews obtained two loan modifications in May 2010 and November 2011. (*Id.*, Ex. A-4). Both contained clauses stating that

the loan terms could not be modified except by written agreement.

The Matthews defaulted in 2012. (*Id.*, Ex. A-5). JPMC sent them a notice of default in April 2012. (*Id.*, Ex. A-6). The Matthews made some additional payments but never brought the loan current. On December 31, 2012, JPMC again sent the Matthews a notice of default, warning them that JPMC would accelerate the debt if they did not bring the loan current within 35 days. (*Id.*, Ex. A-8).

Andre Matthews signed a quitclaim deed in April 2013, assigning all of his interest in the home to Melissa Matthews. (*Id.*, Ex. C-2). In July 2013, JPMC and the Matthews signed a Trial Period Plan Agreement. (*Id.*, Exs. A-10, A-11). Under the Agreement, the Matthews would make reduced payments in exchange for JPMC's promise not to foreclose if the payments were made. (*Id.*). The Trial Period Plan Agreement stated that if the Matthews did not make the payments required under the Plan, JPMC could foreclose. (*Id.*). The Matthews never made any payments under the Plan. (*Id.*, Ex. A-12).

The Matthews had requested another loan modification. JPMC denied that request on November 29, 2013. JPMC told the Matthews that they were not eligible to receive another modification because they were delinquent in their Plan payments and one of the borrowers did not consent. On January 24, 2014, JPMC's foreclosure counsel sent the Matthews a notice of acceleration and sale. (*Id.*, Ex. B-1). The home was sold at foreclosure on March 4, 2014, for $171,642, well over its appraised value of $99,316. (*Id.*, Ex. C-3).

Andre Matthews alleges that an (unspecified) JPMC representative orally told him (at an unspecified time) that he would be granted a loan modification, that he should not make any loan payments while it was being considered, and that JPMC would not foreclose during that period.

Matthews alleges that the JPMC representative told him that JPMC was in the process of preparing a loan-modification agreement for the parties to sign.

Matthews sued in state court for breach of contract, fraud, promissory estoppel, and wrongful foreclosure. JPMC timely removed based on diversity of citizenship. JMPC now moves for summary judgment.

### A. The Breach of Contract Claim

Matthews alleges that JPMC breached an oral agreement not to foreclose on his property during the loan-modification process. Under Texas law, the elements of a breach of contract are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (citing *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App. — Houston [14th Dist.] 2005, pet. denied)). A plaintiff must identify both the contract and the provisions the defendant allegedly violated. *See Blakeley v. Boltinghouse*, No. 03-cv-4901, 2005 WL 1185944, at *5 (S.D. Tex. May 4, 2005).

The statute of frauds bars the breach-of-an-oral-contract claim. Matthews alleges that JPMC breached an oral promise to modify the loan agreement and forego foreclosure despite the failure to make the payments required under the Note or the Plan. The Texas statute of frauds makes an unwritten agreement involving a loan for more than $50,000 unenforceable. TEX. BUS. & COM. CODE § 26.02(b) ("A loan agreement in which the amount involved in the loan agreement exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative."). An agreement to modify such a loan, including an agreement to forego the right to foreclose if there is a default, must also satisfy the statute of

frauds. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013); *Gordon v. JPMorgan Chase Bank, N.A.*, 505 Fed. App'x 361, 366 (5th Cir. 2013).

The loan's principal amount, $137,923, makes the statute of frauds apply. JPMC's alleged oral promises to modify the loan and to defer foreclosure during the loan modification changed the loan terms and are subject to the statute of frauds. The alleged oral agreements are unenforceable to change the terms of the Note, Deed of Trust, or other loan documents.

### B.     The Promissory Estoppel Claim

Promissory estoppel is a "narrow exception to the statute of frauds.'" *Miller v. CitiMortgage, Inc.*, No 3:11-cv-2786, 2013 WL 4766808, at *7 (N.D. Tex. Sept. 5, 2013) (quoting *Trammel Crow Co. v. Harkinson*, 944 S.W.2d 631, 636 (Tex. 1997)). To establish promissory estoppel, the plaintiff must establish: (1) a promise; (2) foreseeable reliance on that promise by the promissee; and (3) substantial detrimental reliance. *See Metro. Life Ins. Co. v. Haden & Co.*, 158 F.3d 584, 584 (5th Cir. 1998).

"For promissory estoppel to create an exception to the statute of frauds, there must have been a promise to sign a written agreement that had been prepared and that would satisfy the requirement of the statute of frauds." *1001 McKinney Ltd. v. Credit Suisse First Boston Mortg. Capital*, 192 S.W.3d 20, 29 (Tex. App. — Houston [14th Dist.] 2005, pet. denied) (citing *Nagle v. Nagle*, 633 S.W.2d 796, 800 (Tex. 1982)); *see also Williams v. Wells Fargo Bank, N.A.*, 560 Fed. App'x 233, 239 (5th Cir. 2014) (unpublished) ("The claim that Wells Fargo said the Williamses had been approved for a modification . . . does not include an allegation that there was a modification agreement 'that had already been prepared or whose wording had been agreed upon that would satisfy the statute of frauds.'" (quoting *1001 McKinney Ltd.*, 192 S.W.3d at 29; *Southmark Corp v.*

*Life Investors, Inc.*, 851 F.2d 763, 769 (5th Cir. 1988))).

"'A promise to prepare a written contract is not sufficient. The defendant must have promised to sign a particular agreement which was in writing at the time.'" *George-Baunchand v. Wells Fargo Home Mortg., Inc.*, No. 10-cv-3828, 2011 WL 6250785, at *7 (S.D. Tex. Dec. 14, 2011) (quoting *Beta Drilling, Inc. v. Durkee*, 821 S.W.2d 739, 741 (Tex. App. — Houston [14th Dist.] 1992, writ denied)).

The record does not reveal competent summary judgment evidence that JPMC had already prepared a modification agreement that the parties had agreed to and that would satisfy the statute of frauds. An oral promise to prepare an agreement in the future does not suffice. Because the agreement that JPMC allegedly breached was not in writing when the alleged oral promise was made, the promissory-estoppel exception to the statute of frauds does not apply.

### C. The Fraud Claim

Matthews fails to satisfy the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which requires that plaintiffs "state[] with particularity" the "circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). To satisfy Rule 9(b), plaintiffs must plead with "specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation of why they were fraudulent." *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). Matthews fails to allege the time, place, identity of the speaker, or what benefit the speaker gained from the alleged misrepresentation. His amended complaint does not meet the Rule 9(b) requirements.

Additionally, any reliance on the statements allegedly made by a JPMC employee — a necessary element for a successful fraud claim — was not justifiable as a matter of law. *See TMI*,

*Inc. v. Brooks*, 225 S.W.3d 783, 795 (Tex. App. — Houston [14th Dist.], 2007, pet. denied) ("[O]ne of the elements of a fraud claim is that the plaintiff actually and *justifiably* relied on the misrepresentation."). The parties' loan documents clearly stated that any modification needed to be in writing. Matthews's fraud claim is based on general allegations of a representative's oral representations that contradicted the Note, the Deed of Trust, and the acceleration and foreclosure notice. In *Milton v. U.S. Bank Nat. Ass'n*, 508 Fed. App'x 326 (5th Cir. 2013), the Fifth Circuit affirmed the district court's dismissal of a fraud claim because the borrower's "reliance on oral representations by customer service representatives that were contradicted by the terms of the loan agreement and the notice of foreclosure was not reasonable as a matter of law." *Id.* at 330 (citing *TMI, Inc. v. Brooks*, 225 S.W.3d 783, 795 (Tex. App. — Houston [14th Dist.], 2007, pet. denied)). As in *Milton*, Matthews's reliance on the alleged oral representations was not reasonable as a matter of law.

### D.    The Claim for Injunctive Relief

Under Texas law, a request for injunctive relief fails to state a claim in the absence of a cause of action supporting entry of a judgment. *See Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 210 (Tex. 2002). The request for injunctive relief fails.

### III.    Conclusion

JPMC's motion for summary judgment is granted. Final judgment is separately entered.

SIGNED on March 1, 2015, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge